IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARICE SARGENT, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | NO. 22-cv-01509 |

**DEFENDANTS' MOTION TO**
**DISMISS THE AMENDED COMPLAINT**

Defendants hereby move, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint. In support of this motion, Defendants incorporate herein by reference the accompanying Brief in Support of Defendants' Motion to Dismiss the Amended Complaint and aver as follows:

1. In this action, four plaintiffs—parents of four students who were in 8th grade at Philadelphia public schools in the 2021-22 school year and who applied for admission to one or more Philadelphia criteria-based high schools—challenge the admissions process the School District of Philadelphia ("School District") used for criteria-based high schools for the 2022-23 school year. Plaintiffs allege that the admissions process discriminates on the basis of race.

2. The Amended Complaint asserts three claims: Claims 1 and 2 are brought under 42 U.S.C. § 1983 for alleged violations of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the Equal Protection Clause of the Fourteenth Amendment, respectively. Claim 3 alleges violations of Article I, § 26 and Article I, § 29 of the Pennsylvania Constitution. The basis of all three claims is alleged race discrimination. All three claims are reviewed under the same standard.

3. This Court should dismiss the Amended Complaint because the School District used a race-neutral high school admissions process that is rationally related to the legitimate government interest of providing educational opportunities to all qualified Philadelphia students. The Amended Complaint itself demonstrates, through citation to several exhibits, that the admissions process was race neutral and did not consider racial classification.

4. The Amended Complaint repeatedly asserts the legal conclusion that the admissions process is "racially discriminatory," but it fails to allege *any facts* that would allow the Court to draw a reasonable inference that the admissions process discriminates on the basis of race. Instead, on the basis of Plaintiffs' alleged facts, which directly point to a race-neutral admissions process, this Court must apply "rational basis" review to the School District's admissions process.

5. A race-neutral process is subject to rational basis review ***unless*** the factual allegations establish that both (a) it was adopted for a racially discriminatory purpose and (b) it has caused a racially discriminatory impact. The Amended Complaint, however, alleges no facts that would support either of these requirements.

6. Even if Plaintiffs had alleged sufficient facts to require the application of strict scrutiny, the Amended Complaint fails to allege facts to support a conclusion that the admissions process would not survive strict scrutiny.

7. The Amended Complaint also fails to state any claim against the eleven individual defendants because (1) the Amended Complaint confirms that the School District—not any individual—adopted the admissions process and (2) Plaintiffs have not alleged that any individual defendant had personal involvement in the development, adoption, or implementation of the admissions process.

WHEREFORE, Defendants request that the Court dismiss Plaintiffs' Amended Complaint for failure to state any claim upon which relief can be granted.

Dated: June 29, 2022  Respectfully submitted,

By: /s/ *William K. Kennedy*
Renee N. Smith (I.D. No. 65866)
William K. Kennedy (I.D. No. 86571)
MONTGOMERY MCCRACKEN
 WALKER & RHOADS LLP
1735 Market Street, 21st Floor
Philadelphia, PA  19103
rsmith@mmwr.com
wkennedy@mmwr.com

*Attorneys for Defendants*