IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARICE SARGENT, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 22-cv-01509 |
| | : | |
| v. | : | |
| | : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## **DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT**

Defendants, by and through their undersigned counsel, hereby answer the First Amended Complaint filed by Plaintiffs. Defendants deny every averment except as to those expressly admitted below.

Defendants deny each and every allegation contained in Plaintiffs' preamble to the numbered paragraphs of the Complaint. *See* Complaint at 2-3.

### **PARTIES, JURISDICTION, AND VENUE**

1. Admitted that, upon information and belief, Plaintiff is a resident of Philadelphia. The remaining allegations contained in Paragraph 1 of the First Amended Complaint are denied. By way of further answer, Plaintiff is the mother of a ninth-grade student in the School District of Philadelphia (the "School District").

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Complaint, and on that basis, they are denied.

3. Admitted that, upon information and belief, Plaintiff is a resident of Philadelphia. The remaining allegations contained in Paragraph 3 of the First Amended Complaint are

   denied. By way of further answer, Plaintiff is the mother of a ninth-grade student in the School District.

4. Admitted that, upon information and belief, Plaintiff is a resident of Philadelphia. The remaining allegations contained in Paragraph 4 of the First Amended Complaint are denied.

5. Denied. By way of further answer, the School District is the system of public elementary, middle, and high schools in the City of Philadelphia. The School District is governed by federal, state, and local laws and regulations.

6. Admitted that the First Amended Complaint purports to state claims against Dr. William R. Hite, the School District's former superintendent. Denied that Dr. William R. Hite is the current superintendent. The remaining allegations contained in Paragraph 6 of the First Amended Complaint are denied.

7. Denied. By way of further answer, the Board of Education (the "Board") is the governing body responsible for overseeing all policies and budgetary decisions of the School District.

8. Admitted that the First Amended Complaint purports to state claims against Julia Danzy, a current member of the Board. The remaining allegations contained in Paragraph 8 of the First Amended Complaint are denied.

9. Admitted that the First Amended Complaint purports to state claims against Leticia Egea-Hinton, a current member of the Board. The remaining allegations contained in Paragraph 9 of the First Amended Complaint are denied.

10. Admitted that the First Amended Complaint purports to state claims against Mallory Fix-Lopez, a current member of the Board. The remaining allegations contained in Paragraph 10 of the First Amended Complaint are denied.

11. Admitted that the First Amended Complaint purports to state claims against Maria McColgan, a former member of the Board. The remaining allegations contained in Paragraph 11 of the First Amended Complaint are denied.

12. Admitted that the First Amended Complaint purports to state claims against Lisa Salley, a current member of the Board. The remaining allegations contained in Paragraph 12 of the First Amended Complaint are denied.

13. Admitted that the First Amended Complaint purports to state claims against Reginald Streater, a current member of the Board. The remaining allegations contained in Paragraph 13 of the First Amended Complaint are denied.

14. Admitted that the First Amended Complaint purports to state claims against Cecelia Thompson, a current member of the Board. The remaining allegations contained in Paragraph 14 of the First Amended Complaint are denied.

15. Admitted that the First Amended Complaint purports to state claims against Joyce Wilkerson, a current member of the Board. The remaining allegations contained in Paragraph 15 of the First Amended Complaint are denied.

16. Admitted that the First Amended Complaint purports to state claims against "the school district's director of diversity, equity, and inclusion." The remaining allegations contained in Paragraph 16 of the First Amended Complaint are denied.

17. Admitted that the First Amended Complaint purports to state claims against "the school district's chief of student support services," and that Karyn Lynch currently holds that role. The remaining allegations contained in Paragraph 17 of the First Amended Complaint are denied.

18. The allegations contained in Paragraph 18 contain conclusions of law to which no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph 18 of the First Amended Complaint.

19. The allegations contained in Paragraph 19 contain conclusions of law to which no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph 19 of the First Amended Complaint.

**STATEMENT OF FACTS**

20. Admitted.

21. Admitted that the School District includes neighborhood high schools, citywide admissions high schools, and criteria-based high schools. The remaining allegations contained in Paragraph 21 of the First Amended Complaint are denied.

22. Admitted. By way of further answer, and under certain circumstances, a student living outside of the catchment area may attend a neighborhood school.

23. Admitted that citywide admission high schools accept students from across the city and that admission to these schools is based on a lottery system. The remaining allegations contained in Paragraph 23 of the First Amended Complaint are denied. By way of further answer, citywide admissions high schools do not have admission criteria like criteria-based high schools, and the lottery system for admission is impartial.

24. Admitted that criteria-based high schools have admission criteria. The remaining allegations contained in Paragraph 24 of the First Amended Complaint are denied.

25. Admitted that the quoted language appeared on the School District's Back to School FAQ web page for the 2020-2021 school year, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therewith is denied. The remaining allegations contained in Paragraph 25 of the First Amended Complaint are denied.

26. Admitted that the quoted language appeared on the School District's Back to School FAQ web page for the 2020-2021 school year, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therewith is denied. The

remaining allegations contained in Paragraph 26 of the First Amended Complaint are denied.

27. Denied. By way of further answer, Paragraph 27 includes an inaccurate and incomplete characterization of the selection process. The admissions requirements and the selection process for the 2021-22 school year are described in the High School Directory for Fall 2021 Admissions that Plaintiffs attached to the First Amended Complaint as Exhibit 1.

28. Admitted that the quoted language appeared on the School District's Back to School FAQ page for the 2020-2021 school year in response to Questions and Answers related to special admission schools, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therewith is denied. The remaining allegations contained in Paragraph 28 of the First Amended Complaint are denied.

29. Admitted that the quoted language appears in the cited document, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therewith is denied. The remaining allegations contained in Paragraph 29 of the First Amended Complaint are denied.

30. Admitted that the Board issued Goals & Guardrails in the spring of 2021. The remaining allegations contained in Paragraph 30 of the First Amended Complaint are denied.

31. Admitted that the quoted language appears in the cited Goals & Guardrails document, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therewith is denied. The remaining allegations contained in Paragraph 31 of the First Amended Complaint are denied.

32. Admitted that the quoted language appears in the cited Goals & Guardrails document, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therewith is denied. The remaining allegations contained in Paragraph 32 of the First Amended Complaint are denied.

33. Admitted that the quoted language appears in the cited Goals & Guardrails document, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therewith is denied. The remaining allegations contained in Paragraph 33 of the First Amended Complaint are denied.

34. Denied. By way of further answer, the allegations in Paragraph 34 reference an article published on [www.whyy.org](www.whyy.org), which is a written document that speaks for itself. Any recitation or characterization inconsistent with the text therewith is denied. By way of further answer, the article contains opinions and characterizations that are neither adopted nor attributable to the School District or its employees, agents, or members.

35. Denied. By way of further answer, as it had in prior years, the School District made changes to the 2021-2022 admissions process for criteria-based high schools.

36. Admitted only that the School District changed the admissions process for criteria-based schools by eliminating the requirement that students applying to Palumbo. Carver, Central, and Masterman submit letters of recommendation and participate in interviews as criteria for admission for the 2022-2023 school year. The remaining allegations contained in Paragraph 36 of the First Amended Complaint are denied. By way of further answer, the 2021-2022 admissions process required applicants to Palumbo, Carver, Central, and Masterman to complete a district administered writing sample, which was administered and scored by a computer program called MI Write. Students whose computerized essay score equaled or exceeded 22 out of 30 were qualified for admission to Central or Masterman, and only students with essay scores at 17 or above qualified for admission to Palumbo or Carver. PSSA scores were not considered for students seeking admission to criteria-based schools in the 2020-2021 or 2021-2022 admissions process.

37. Admitted that the School District changed its admissions process for all criteria-based schools for the 2022-2023 school year by admitting qualified applicants to criteria-based high

schools by lottery. The remaining allegations contained in Paragraph 37 of the First Amended Complaint are denied.

38. Admitted that the School District changed its admission practices by requiring qualified applicants residing in six specified zip codes-19121, 19132, 19133, 19134, 19135, and 19140 during the 2021-2022 school admission process—to receive preferences in the lotteries for admission to Masterman, Central, Carver, and Palumbo. The remaining allegations contained in Paragraph 38 of the First Amended Complaint are denied.

39. Admitted that Plaintiffs purport to provide 2020 census data from Table DP05 of the 2020 American Community Survey Demographic and Housing Estimates Data Profiles indicating the racial makeup of zip code 19121. The remaining allegations contained in Paragraph 39 of the First Amended Complaint are denied.

40. Admitted that Plaintiffs purport to provide 2020 census data from Table DP05 of the 2020 American Community Survey Demographic and Housing Estimates Data Profiles indicating the racial makeup of zip code 19132.  The remaining allegations contained in Paragraph 40 of the First Amended Complaint are denied.

41. Admitted that Plaintiffs purport to provide 2020 census data from Table DP05 of the 2020 American Community Survey Demographic and Housing Estimates Data Profiles indicating the racial makeup of zip code 19133.  The remaining allegations contained in Paragraph 41 of the First Amended Complaint are denied.

42. Admitted that Plaintiffs purport to provide 2020 census data from Table DP05 of the 2020 American Community Survey Demographic and Housing Estimates Data Profiles indicating the racial makeup of zip code 19134.  The remaining allegations contained in Paragraph 42 of the First Amended Complaint are denied.

43. Admitted that Plaintiffs purport to provide 2020 census data from Table DP05 of the 2020 American Community Survey Demographic and Housing Estimates Data Profiles

indicating the racial makeup of zip code 19135.  The remaining allegations contained in Paragraph 43 of the First Amended Complaint are denied.

44. Admitted that Plaintiffs purport to provide 2020 census data from Table DP05 of the 2020 American Community Survey Demographic and Housing Estimates Data Profiles indicating the racial makeup of zip code 19140.  The remaining allegations contained in Paragraph 44 of the First Amended Complaint are denied.

45. Denied.  By way of further answer, Ex. 2 states that: "in alignment with our commitment toward antiracism and equity, . . . the school selection process underwent an initial equity review."

46. Denied.

47. Denied.

48. Denied. By way of further answer, the allegations in Paragraph 48 appear to reference an article published at www.cbsnews.com, which is a written document that speaks for itself and which contains opinions and characterizations that are neither adopted nor attributable to the School District or its employees, agents, or members. Any recitation or characterization inconsistent with the text therewith is denied.  Furthermore, the statements in the article appear to relate to students who qualify for all twenty-three criteria-based high schools, including Carver, Central, Masterman, and Palumbo.

49. Denied.  By way of further answer, the table reproduced in Paragraph 49 appears in the cited *Inquirer* article.

50. Denied.

51. Admitted that the table reproduced in Paragraph 49 states that more than fifty percent of students at Carver and Parkway in 2020-2021 were "Black/African American."  The remaining allegations contained in Paragraph 51 of the First Amended Complaint are denied.

52. Admitted that Sargent's daughter self-identified as "Black/African American" on her application during the 2021-2022 school selection process.  The remaining allegations contained in Paragraph 52 of the First Amended Complaint are denied.  By way of further answer, Plaintiff is the mother of a ninth-grade student in the School District.

53. Denied.  By way of further answer, Ms. Sargent's daughter was an eighth-grade student at Carver during the 2021-2022 school year and is enrolled to attend Walter B. Saul High School of Agricultural Sciences – a criteria-based high school – for the 2022-2023 school year.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and on that basis, they are denied.

55. Denied.

56. Denied.  By way of further answer, Ms. Sargent's daughter met the criteria for admission to Carver in the 2021-2022 admissions process.

57. Denied.  By way of further answer, Ms. Sargent's daughter was not admitted to Carver in the 2021-2022 admissions process.

58. Denied.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and on that basis, they are denied.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and on that basis, they are denied.

61. Admitted that 19148 was not one of the zip codes from which qualified applicants received preference in the lottery for admission to Masterman, Central, Carver, and Palumbo during the 2021-2022 admissions process.  The remaining allegations of Paragraph 61 of the First Amended Complaint are denied.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and on that basis, they are denied.

63. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and on that basis, they are denied.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and on that basis, they are denied.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, and on that basis, they are denied.

66. Denied.  By way of further answer, Ms. Sheridan's son was an eighth-grade student at Columbus Charter School during the 2021-2022 school year.  Upon information and belief, Ms. Sheridan's son is enrolled to attend Philadelphia Performing Arts Charter School, which also uses a lottery system for admission, for the 2022-2023 school year.

67. Admitted that Sheridan's son self-identified as "Multiracial/Other" on his application during the 2021-2022 school selection process.  The remaining allegations contained in Paragraph 67 of the First Amended Complaint are denied.

68. Admitted.

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and on that basis, they are denied.

70. Admitted that Ms. Sheridan's son was qualified for admission to Academy at Palumbo in the 2021-2022 admissions process.  The remaining allegations contained in Paragraph 70 of the First Amended Complaint are denied.

71. Denied.  By way of further answer, Sheridan's son scored 22.3 on the School District administered writing sample.

72. Denied.

73. Admitted that, upon information and belief, Plaintiff is a resident of the city of Philadelphia. Admitted that Meyer's son self-identified as "White" on his application during the 2021-2022 school selection process.  Defendants are without knowledge or

information sufficient to form a belief as to truth of the remaining allegations contained in Paragraph 73, and on that basis, they are denied.

74. Admitted that Mr. Meyer's son was in eighth grade at Masterman during the 2021-2022 school year. The remaining allegations contained in Paragraph 74 of the First Amended Complaint are denied.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and on that basis, they are denied.

76. Admitted that Mr. Meyer's son had all As as final grades in 6th and 7th grades and that he scored 25.6 on the School District's writing sample. The remaining allegations contained in Paragraph 76 of the First Amended Complaint are denied.

77. Denied.

78. Denied. By way of further answer, Mr. Meyer's son was not admitted to Masterman or Central in the 2021-2022 school selection process.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, and on that basis, they are denied.

80. Denied.

81. Denied. Defendants specifically deny that the lottery-based admission system has "diluted the academic quality of Masterman and Central." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81, and on that basis, they are denied.

## CLASS-ACTION ALLEGATIONS

82. Admitted only that Plaintiffs purport to represent a class of parents and students under Fed. R. Civ. P. 23(b)(1)(A), (b)(1)(B), (b)(2) and (b)(3). By way of further answer, Plaintiffs' Motion for Class Certification was denied by Order of this Court dated May 12, 2022. The remaining allegations contained in Paragraph 82 of the First Amended Complaint are denied.

83. The allegations contained in Paragraph 83 contain conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied. By way of further answer, Plaintiffs' Motion for Class Certification was denied by Order of this Court dated May 12, 2022.

84. The allegations contained in Paragraph 84 contain conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied. By way of further answer, Plaintiffs' Motion for Class Certification was denied by Order of this Court dated May 12, 2022.

85. The allegations contained in Paragraph 85 contain conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied. By way of further answer, Plaintiffs' Motion for Class Certification was denied by Order of this Court dated May 12, 2022.

86. The allegations contained in Paragraph 86 contain conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied. By way of further answer, Plaintiffs' Motion for Class Certification was denied by Order of this Court dated May 12, 2022.

87. The allegations contained in Paragraph 87 contain conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied. By way of further answer, Plaintiffs' Motion for Class Certification was denied by Order of this Court dated May 12, 2022.

88. The allegations contained in Paragraph 88 contain conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied. By way of further answer, Plaintiffs' Motion for Class Certification was denied by Order of this Court dated May 12, 2022.

89. The allegations contained in Paragraph 89 contain conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are

     denied. By way of further answer, Plaintiffs' Motion for Class Certification was denied by Order of this Court dated May 12, 2022.

90. The allegations contained in Paragraph 90 contain conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied. By way of further answer, Plaintiffs' Motion for Class Certification was denied by Order of this Court dated May 12, 2022.

## CAUSES OF ACTION

## CLAIM 1: VIOLATION OF TITLE VI

91. Admitted.

92. Admitted that the School District receives federal funding. The remaining allegations contained in Paragraph 92 of the First Amended Complaint are denied.

93. Denied.

94. Admitted that the Plaintiffs purport to assert claims pursuant to 42 U.S.C. § 1983 and Title VI. The remaining allegations contained in Paragraph 94 of the First Amended Complaint are denied.

## CLAIM 2: VIOLATION OF THE EQUAL PROTECTION CLAUSE

95. The allegations contained in Paragraph 95 contain conclusions of law to which no response is required. To the extent a response is deemed required, the allegations regarding statements in various Supreme Court decisions are admitted on the understanding that equal protection analysis incorporates a balancing of governmental interests. The remaining allegations contained in Paragraph 95 of the First Amended Complaint are denied.

96. Denied.

97. Denied.

98. Admitted that Plaintiffs purport to assert claims pursuant to 42 U.S.C. § 1983.  The remaining allegations contained in Paragraph 98 of the First Amended Complaint are denied.

### CLAIM 3:  VIOLATION OF PA. CONST. ART. I, §§ 26, 29

99. Admitted that the quoted language appears in Article I, § 26 of the Pennsylvania Constitution.  The remaining allegations contained in Paragraph 99 of the First Amended Complaint are denied.

100. Admitted that the quoted language appears in Article I, § 29 of the Pennsylvania Constitution.  The remaining allegations contained in Paragraph 100 of the First Amended Complaint are denied.

101. Denied.

### DEMAND FOR RELIEF

102. Denied that Plaintiffs are entitled to the relief requested in Paragraph 102 of the First Amended Complaint.  By way of further answer, Defendants specifically deny that they violated Plaintiffs' rights in any manner whatsoever, that they violated any law or statute, or that Plaintiffs were discriminated against because of their race.

WHEREFORE, Defendants request that the Court dismiss the First Amended Complaint, enter judgment in their favor, and assess costs and attorney fees against the Plaintiffs.

### **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.  Defendants reserve the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during pretrial discovery in this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against the individual defendants are barred, in whole or in part, because these defendants are entitled to immunity, including individual, official, and/or qualified immunity based on the federal or state constitution, statutory law, or the common law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against the individual defendants and the claims against them in their official capacities are barred because they are duplicative of the claims against the School District and School Board.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed because the School District's admissions process is subject to rational basis review and because, regardless of the type of scrutiny applied by this Court, Defendants employed appropriate (and narrowly tailored) means to achieve compelling governmental interests.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because all actions taken by Defendants with respect to Plaintiffs were motivated by legitimate, non-discriminatory considerations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statutory limitation on damages; because Plaintiffs suffered no damages, they are not entitled to attorney fees or costs; and because Defendants' actions or inactions were not the proximate, legal, or substantial cause of any damages, injury or loss suffered by Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and laches, including, for example, because Plaintiffs failed to assert their claims prior to the completion of the 2021-2022 admissions process.

**SEVENTH AFFIRMATIVE DEFENSE**

The First Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

The named plaintiffs lack Article III standing to seek prospective relief, including, for example, because their claims have been rendered moot by the start of the 2022-2023 school year.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover punitive damages against municipal entities and local officials sued in their official capacities.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to allege irreparable harm or any other basis upon which to receive any form of injunctive relief.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims should be dismissed because Plaintiffs' children had no entitlement to admission at any criteria-based school and because they received admission to a criteria-based school.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate any damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations cannot be maintained or certified as a class action.

WHEREFORE, Defendants request that the Court dismiss the First Amended Complaint, enter judgment in their favor, assess costs and attorney fees against the Plaintiffs, and grant any other relief that this Court deems just and proper.

Date: August 29, 2022

/s/ Renee N. Smith
Renee N. Smith (Attorney I.D. No. 65866)
William K. Kennedy (Attorney I.D. No. 86571)
MONTGOMERY McCRACKEN
 WALKER & RHOADS LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103
(215) 772-7291
(215) 772-7245
wkennedy@mmwr.com
rsmith@mmwr.com

*Attorneys for Defendants*

5898398v3

**CERTIFICATE OF SERVICE**

      I, Renee N. Smith, hereby certify that on the 29th day of August, 2022, a true and correct copy of the foregoing Defendants' Answer to the First Amended Complaint, has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that I caused a true and correct copy of same to be served upon all counsel of record via electronic filing.

Date: August 29, 2022  /s/ Renee N. Smith
Renee N. Smith

5898398v3