IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERICE SARGENT**, et. al. | : | No. 22-cv-01509 |
| Plaintiffs | : | |
| v. | : | |
| **THE SCHOOL DISTRICT OF PHILADELPHIA**, et. al. | : | |
| Defendants | : | |

### PLAINTIFFS' UNOPPOSED MOTION FOR RECONSIDERATION

Plaintiffs respectfully move for this Court to reconsider its February 21, 2024, Order denying the joint motion to extend the discovery deadline. ECF No. 77. The Court should reconsider its order because of the prejudice inflicted on plaintiffs. **This motion is unopposed.**

The parties have diligently pursued discovery in this case. Plaintiffs first served discovery and noticed depositions in August 2022. However, on October 19, 2022, the Court *sua sponte* stayed all discovery in this case pending plaintiffs' appeal of this Court's denial of their motion for a preliminary injunction. ECF No. 58. After plaintiffs dismissed their appeal, on June 23, 2023, the Court lifted its stay of discovery and set a December 8, 2023, discovery deadline. ECF No. 64. At the Court's scheduling conference on September 11, 2023, the parties addressed the status of discovery with counsel for defendants stating that defendants' production of documents was taking longer than anticipated because of the large volume of electronic documents. At that conference, counsel for defendants represented to the

Court that he believed the document production would begin within 30 days. However, defendants encountered an unanticipated technical issue with the extraction of the electronic documents that did not permit defendants to produce the documents within 30 days. Accordingly, at the joint request of the parties, the court extended the discovery deadline to February 16, 2024. ECF No. 72.

On or about December 14, 2023, defendants produced over 3500 pages of electronic documents to plaintiffs. Thereafter, undersigned counsel conferred with counsel for defendants about the scheduling of depositions and was advised that there were additional documents that defendants had extracted that needed to be reviewed. It was agreed that depositions should wait until defendants' document production was completed. So, on February 12, 2024, the parties submitted a joint motion to extend the discovery deadline to May 16, 2024, to permit defendants to complete its document review and production, to permit plaintiffs to serve responses to written discovery and any responsive documents, and for depositions to occur.

It is true that plaintiffs never moved to compel discovery from defendants. However, plaintiffs saw no reason for one. Undersigned counsel has never doubted the sincerity of counsel for defendants' representations concerning the technical difficulties defendants faced in extracting and reviewing electronic documents. Undersigned counsel has never doubted that counsel for defendants was proceeding in good-faith. Federal Rule 37(a)(1) imposes a duty on the parties to meet and confer regarding discovery disputes before moving for an order compelling production of documents. The parties did that. Undersigned counsel would not have been candid

with the Court if he moved for an order compelling discovery from defendants because it would have required me to state to the Court that the parties were not able to mutually resolve the discovery impasse without the Court's involvement. Notwithstanding the parties' affirmative obligations under the Federal Rules, there is an inherent duty among counsel to resolve issues related to discovery without needlessly involving the Court.

The net result of the Court's denial of the joint motion to extend the discovery deadline is that plaintiffs have incomplete discovery, and defendants have no discovery from plaintiffs. Plaintiffs have over 3500 pages of documents from defendants and have completed two (2) depositions. (Those depositions were completed before the Court stayed discovery in October 2023.) The parties met and conferred on Friday, March 1, 2024, and counsel for defendants stated defendants intended to move for summary judgment. If so, plaintiffs cannot fully defend against that motion because there is an incomplete record.

In sum, plaintiffs respectfully request that the Court reconsider its February 21, 2024 order denying the parties' joint motion to extend discovery so that both parties can complete their discovery obligations. The discovery deadline has only been extended once and the parties do not believe any additional extensions will be needed.

Respectfully submitted.

*/s/ Jonathan F. Mitchell*
Jonathan F. Mitchell, Esquire
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)

*/s/ Walter S. Zimolong*
Walter S. Zimolong, Esquire
James J, Fitzpatrick, Esquire
Zimolong, LLC
Attorney I.D. 89151
wally@zimolonglaw.com

(512) 686-3941 (fax)  
jonathan@mitchell.law

PO Box 552  
Villanova, PA 19085-0552  
215-665-0842 (phone)

Dated: March 4, 2024