## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into as of the Effective Date (as that term is defined below) by and between Sherice Sargent, individually and as next friend of her minor child, "S.S.," Michelle Sheridan, individually and as next friend of her child, "I.C.," who obtained the age of majority during the litigation of the Civil Action (as that term is defined below), and Joshua Meyer, individually and as next friend of his minor child, "J.M.," (collectively "Claimants" or "Releasors") and the School District of Philadelphia (the "School District"), as well as all named Defendants ("Releasees," as defined below). The School District, Releasees, and Claimants are referred to herein collectively as the "Parties."

**WHEREAS**, certain disputes have arisen between Claimants and the School District concerning Claimants' participation in the high school admissions process for the 2022-2023 school year, including but not limited to those matters alleged in the Complaint filed in the United States District Court for the Eastern District of Pennsylvania, captioned *Sherice Sargent, et al. v. School District of Philadelphia, et al.*, Civil Action No. 22-1509 (hereinafter the "Civil Action");

**WHEREAS**, the Parties desire to compromise all of the disputes and controversies between them, including the Civil Action;

**NOW THEREFORE**, the Parties hereby agree as follows:

1. **Settlement Terms and Payment.** As consideration for the General Release (as defined below), and the other provisions set forth in this Agreement, the School District shall cause to be paid to Claimants the sum of six hundred-fifty thousand dollars and zero cents ($650,000.00) on behalf of the Releasees, as defined below.

   a. The settlement payment includes and thereby discharges any claims for attorneys' fees, costs, or other expenses.

   b. Counsel for Claimants will handle distribution of the settlement payment in compliance with all applicable law and the terms of this Agreement. As further set forth in this Agreement, Claimants will bear full responsibility for and agree to hold harmless, defend, and indemnify Releasees (as defined below) from any obligations relating to tax consequences, medical or other liens of any type, or any other obligation sounding in debt, support, or otherwise in connection with the receipt of the settlement payment.

   c. The settlement check shall be made payable to the attention of Zimolong LLC - IOLTA Account, c/o Walter S. Zimolong, Zimolong LLC, Post Office Box 552, Villanova, PA 19085, within thirty (30) days after the court approves the settlement of minors' claims in the Civil Action under Rule 41.2 of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania. Claimants and their counsel acknowledge and agree that they are responsible for allocating the settlement payment in accordance with the instructions provided by the court in any settlement approval order.

   d. Within fourteen (14) days after the Effective Date of this Agreement, counsel for Claimants shall file a motion or petition to obtain such court approval of the settlement of minors' claims, at Claimants' own expense. The Parties recognize

that I.C., since becoming an adult, is the real party in interest as to the claims brought on his behalf and that, should the court so order, he may have immediate access to any settlement funds.  The Parties recognize that the court may order any settlement funds allocated on behalf of S.S. and J.M. to be placed in a fund authorized by the court until they reach the age of majority.

e. The District will not be obligated to make payment under this Agreement until the court approves the settlement of minors' claims.  If court approval is not obtained after the filing of Claimants' motion or petition, the Parties agree to confer in good faith about next steps, including submitting an amended motion or petition.

2. **Consideration.**  Claimants acknowledge that the payments, sums, and benefits provided to them or on their behalf pursuant to this Agreement are good and valuable consideration to which they are not otherwise entitled.

3. **General Release**.  Claimants, for and in consideration of the mutual promises and terms set forth in this Release and other valuable consideration, hereby unconditionally release and forever discharge the **Releasees** (as defined below), of and from any and all **Claims** (as defined below).

a. **Definition of "Releasees":**  The term "Releasees" shall include all Defendants in the Civil Action, including but not limited to the School District of Philadelphia, the Board of Education of the School District of Philadelphia, William R. Hite, Tony B. Watlington, Joyce Wilkerson, Leticia Egea-Hinton, Julia Danzy, Mallory Fix Lopez, Maria McColgan, Lisa Salley, Reginald Streater, Cecelia Thompson, Sabriya Jubilee, Karyn Lynch, any other Defendant named or who could have been named in the Civil Action, and each of their past and present board members, officers, directors, employees, agents, servants, heirs, executors, administrators, successors, assigns, and attorneys.

b. **Definition of "Claims":**  The "Claims" released by Claimants in this Agreement include any and all claims, complaints, actions, causes of actions, suits, losses, injuries, damages, and demands whatsoever, in law or equity, asserted or unasserted, known or unknown, accrued or not accrued, that Claimants ever had or now have, or that their heirs, executors, administrators, attorneys, agents, or successors, hereafter can, shall, or may have or have had from the beginning of time through the Effective Date of the Agreement (as defined below).

   i. It is expressly understood and mutually agreed that this Agreement is intended to resolve all Claims, in any forum, including but not limited to money damages, injunctive relief, tuition reimbursement, attorney fees and costs, expert fees and costs, and/or compensatory damages under and pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. §§1983, 1985; the Civil Rights Attorney's Fee Award Act of 1976, as amended, 42 U.S.C. §1988; Title IX of the Civil Rights Act, 20 U.S.C. §§ 1681, et seq; Title VI of the Civil Rights Act of 1964; the United States Constitution; the Pennsylvania Constitution; the Pennsylvania Public School Code of 1949, as amended, 24 P.S. §1-101 et seq., the Pennsylvania Human

-2-

Relations Act, as amended, 43 P.S. §951 et seq.; and Chapters 14 and 15 of the Regulations of the State Board of Education, 22 Pa. Code Ch. 14 and 15. The Claims released in this Agreement include any claim, complaint, or cause of action for injunctive relief; and any claim, complaint, or cause of action pursuant to any other local, state, or federal law, policy, rule, or regulation, and any and all other claims that were or could have been brought (whether administrative and/or legal), including without limitation any claims for personal injury, emotional harm, or other damages, medical benefits, additional coverage benefits, compensatory education, interest, costs, attorneys' fees, punitive damages, delay damages, or otherwise, that Claimants ever had or now have, or that their heirs, executors, administrators, attorneys, agents, or successors, hereafter can, shall, or may have or have had, either individually or in combination with others, from the beginning of time through the Effective Date of the Agreement (as defined below).

ii.  Claimants hereby acknowledge and agree that all entities and individuals named above in this Release, and their heirs, executors, administrators, successors and assigns are intended to be third party beneficiaries of this Agreement as Releasees, to the extent applicable.

c.  **Claims Not Released**:  Notwithstanding anything to the contrary in this Agreement, the Claims released by Claimants do not include, and Claimants do not waive: (a) any right or claim to enforce this Agreement; (b) any claim arising from acts or omissions occurring after the Effective Date; or (c) any right or claim that may not be released or waived as a matter of law.

4.  **Withdrawal of Charges and Complaints**.  On May 20, 2026, the court dismissed the Civil Action with prejudice.  If the Civil Action needs to be reopened to obtain court approval of the settlement, Claimants shall take any subsequent action necessary to dismiss the Civil Action with prejudice again after such court approval.  Claimants further agree that they have no other charge, complaint, or action pending against Releasees in any other forum and that, if any such charge, complaint, or action is pending in any other forum, Claimants shall withdraw and request the dismissal or closure of same with prejudice.

5.  **Waiver of Attorney Fees and Costs**.  Claimants waive any and all claims they have or may have against the Releasees for attorney fees and costs, and any other expense directly or indirectly related to the Claims.

6.  **Non-Admission of Liability.**  Claimants agree and acknowledge that they accept the settlement payment as a full and complete compromise and settlement of matters involving disputed issues, and that payment of the sum by the School District or its representatives shall not be considered an admission of any liability or wrongdoing by the Releasees.  It is understood and acknowledged by all Parties that this Agreement does not constitute an admission of liability or wrongdoing on the part of any Party and that this Agreement is purely an act of compromise of disputed claims.

7.  **Tax Liability**.  Claimants agree that they are solely responsible for any tax liabilities and consequences which may result from the receipt of money under this Agreement, and further agree that the Releasees shall bear absolutely no responsibility for such liabilities or consequences.  Claimants assume all obligations to pay taxes, if any, which may be required to be paid as a result of their receipt of money under this Agreement.  Further, Claimants agree that the Releasees shall not be required to pay any further sum to them, for any reason, as part of this settlement even if the tax liabilities and consequences to them are ultimately assessed in a fashion which they do not presently anticipate.  Claimants acknowledge that the Releasees have made no representations to them pertaining to any tax consequences related to the terms of or payments being made under this Agreement.

8.  **Indemnification for Any Liens**.  Claimants agree to hold harmless, defend, and indemnify Releasees from any suits, claims, judgments, costs or expenses of any kind, including attorney's fees and costs, medical or other liens, support obligations, or any other obligations or debts, arising out of any suits, claims, attachments, or other demands associated with the pursuit, collection, or attempted collection or satisfaction of same in connection with this Agreement and agreed upon payments described herein.

9.  **Medicare**.  This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395(b). The Parties resolved this matter in compliance with both state and federal law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms. Claimants understand and agree that they are responsible for the satisfaction of any Medicare lien and agree to pay any lien out of the settlement proceeds. Claimants further expressly represent that in the event there are continuing or future medical expenses related to this alleged incident which are paid in whole or in part by Medicare, Claimants agree to be solely responsible for any satisfaction or reimbursement of any medical expenses to Medicare.

Claimants represent and warrant that all bills, costs or liens resulting from or arising out of Claimants' alleged injuries, claims, or this lawsuit are Claimants' responsibility to pay. Claimants agree to assume responsibility for satisfaction of any and all rights to payment, claims or liens of any kind, that arise from or are related to payments made or services provided to Claimants or on Claimants' behalf. Claimants agree to assume responsibility for all expenses, costs or fees incurred by Claimants related to the alleged injuries, claims or this lawsuit, including without limitation, all Medicare conditional payments, subrogation claims, liens, or other rights to payment relating to medical treatment or lost wages that have been or may be asserted by any health care provider, insurer, governmental entity, employer or other person or entity. Further, Claimants will indemnify, defend and hold the Releasees harmless from any and all damages, claims and rights to payment, including attorneys' fees, brought by any person, entity or governmental agency to recover any of these amounts.

10. **Enforcement**.  This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania. The Parties agree that any legal action or proceeding arising out of or relating to this Agreement shall be brought exclusively in the state or federal courts embracing the City of Philadelphia. In the event of any legal action or proceeding to enforce or for breach of this Agreement, the prevailing party shall be entitled to recover its

-4-

reasonable attorneys' fees, court costs, and other expenses incurred in connection with such action or proceeding.

11. **Entire Agreement**.  This Agreement supersedes any prior oral or written agreement with respect to the subject matter hereof and constitutes the entire, integrated agreement between the Parties.  There are no written or oral understandings or agreements, directly or indirectly connected with this Agreement, that are not incorporated herein.

12. **Construction.**  This Agreement has been drafted jointly, so there shall be no presumption of construction against any Party.  The language of all parts of this Agreement shall be construed as a whole, according to the fair meaning, and not strictly for or against any Party.

13. **Severability.**  If any provision of this Agreement, except for the Release, should be determined to be illegal and/or unenforceable by any court of law, the remaining provisions shall be severable and enforceable in accordance with their terms.  If the Release is voided, so too is this Agreement.

14. **Headings**.  Headings in this Agreement are for convenience only and shall have no legal effect.

15. **Full Understanding and Consultation with Attorneys.**  Claimants agree that the terms of this Agreement are clear, are written in language which they understand, and that they have a full understanding of the terms and significance of this Agreement.  Claimants acknowledge that, if they sign and return this Agreement, they will have knowingly and voluntarily executed this Agreement with full knowledge of its significance, meaning, and binding effect.

Claimants have hereby been advised in writing to consult with an attorney before executing this Agreement.  They have had a full opportunity to review this Agreement and have done so.  They understand the nature of the general release of all claims contained in this Agreement and intend to be legally bound by it.

16. **Execution of Documents**.  Claimants agree to execute any documents and to take any other actions necessary to implement the terms of this Agreement, including but not limited to providing any requested tax information and to execute any documents necessary to withdraw and close any complaints or any other proceedings.  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and authentic facsimile or .pdf signatures shall be deemed to be original signatures for all purposes.  Any photocopy of the executed original(s) of this Agreement, or of any counterpart, shall be deemed to be an original for any and all purposes.

17. **Successors and Assigns**.  This Agreement shall be binding upon and inure to the benefit of the successors, assigns, heirs, executors, administrators, and legal representatives of the respective Parties hereto and is enforceable against them in accordance with its terms.

18. **Intended Third Party Beneficiary**.  The Parties agree that all entities and individuals named above in this Release, and their heirs, executors, administrators, successors and assigns are intended to be third party beneficiaries of this Agreement, to the extent applicable.

-5-

19. **Waiver, Modification, and Amendment**. No provision of this Agreement may be waived unless in writing and signed by the party or parties whose rights are thereby waived. Waiver of any one provision herein shall not be deemed to be a waiver of any other provision herein. This Agreement may be modified or amended only by written agreement executed by the Parties hereto.

20. **Authority to Settle and Release**. Claimant parents Sherice Sargent and Joshua Meyer represent and warrant that they possess the legal decision-making authority on behalf of their minor children necessary to enter into this Agreement. Claimants Michelle Sheridan and I.C. represent and warrant that I.C. is an adult and is capable of entering into this Agreement on his own behalf. Claimants hereby agree to wholly indemnify the Releasees should claims arise from any third party regarding the subject matter of this Agreement.

21. **Compliance with Governmental Regulations and Authorities**. Nothing in this Agreement will be construed as preventing the School District, its successors, assigns, heirs, executors, administrators, and legal representatives from complying with its duties under statute or common law, from acting in accordance with a subpoena or court order, or as waiving the rights of the School District under statute or common law.

22. **Effective Date**. The Effective Date of this Agreement shall be the date on which the last Party signs the Agreement. The date Claimants sign this Agreement is the date on which the last Claimant or Claimants' counsel signs this Agreement.

_____          _____
**Sherice Sargent**                                              **Michelle Sheridan**

_____          _____
**S.S., a minor**                                                **I.C., on his own behalf**

Dated:_____4/26/26_____          Dated:_____

                                                          _____
_____          *Walter Zimolong*
**Joshua Meyer**                                             **Walter S. Zimolong, Esquire**

                                                          Dated:___June 29, 2026_____
_____
**J.M., a minor**

Dated:_____


**On Behalf of the School District of Philadelphia:**

Signed:_____

Name/Title:_____

Dated:_____

-6-

19. **Waiver, Modification, and Amendment**.  No provision of this Agreement may be waived unless in writing and signed by the party or parties whose rights are thereby waived. Waiver of any one provision herein shall not be deemed to be a waiver of any other provision herein.  This Agreement may be modified or amended only by written agreement executed by the Parties hereto.

20. **Authority to Settle and Release**.  Claimant parents Sherice Sargent and Joshua Meyer represent and warrant that they possess the legal decision-making authority on behalf of their minor children necessary to enter into this Agreement.  Claimants Michelle Sheridan and I.C. represent and warrant that I.C. is an adult and is capable of entering into this Agreement on his own behalf.  Claimants hereby agree to wholly indemnify the Releasees should claims arise from any third party regarding the subject matter of this Agreement.

21. **Compliance with Governmental Regulations and Authorities**.  Nothing in this Agreement will be construed as preventing the School District, its successors, assigns, heirs, executors, administrators, and legal representatives from complying with its duties under statute or common law, from acting in accordance with a subpoena or court order, or as waiving the rights of the School District under statute or common law.

22. **Effective Date**.  The Effective Date of this Agreement shall be the date on which the last Party signs the Agreement.  The date Claimants sign this Agreement is the date on which the last Claimant or Claimants' counsel signs this Agreement.

_____
**Sherice Sargent**

_____
**S.S., a minor**

Dated:_____

_____
**Michelle Sheridan**

_____
**I.C., on his own behalf**

Dated:_____6/26/84_____

_____
**Joshua Meyer**

_____
**J.M., a minor**

Dated:_____

_____
**Walter S. Zimolong, Esquire**

Dated:_____

**On Behalf of the School District of Philadelphia:**

Signed:_____

Name/Title:_____

Dated:_____

19. **Waiver, Modification, and Amendment**.  No provision of this Agreement may be waived unless in writing and signed by the party or parties whose rights are thereby waived.  Waiver of any one provision herein shall not be deemed to be a waiver of any other provision herein.  This Agreement may be modified or amended only by written agreement executed by the Parties hereto.

20. **Authority to Settle and Release**.  Claimant parents Sherice Sargent and Joshua Meyer represent and warrant that they possess the legal decision-making authority on behalf of their minor children necessary to enter into this Agreement.  Claimants Michelle Sheridan and I.C. represent and warrant that I.C. is an adult and is capable of entering into this Agreement on his own behalf.  Claimants hereby agree to wholly indemnify the Releasees should claims arise from any third party regarding the subject matter of this Agreement.

21. **Compliance with Governmental Regulations and Authorities**.  Nothing in this Agreement will be construed as preventing the School District, its successors, assigns, heirs, executors, administrators, and legal representatives from complying with its duties under statute or common law, from acting in accordance with a subpoena or court order, or as waiving the rights of the School District under statute or common law.

22. **Effective Date**.  The Effective Date of this Agreement shall be the date on which the last Party signs the Agreement.  The date Claimants sign this Agreement is the date on which the last Claimant or Claimants' counsel signs this Agreement.

| | |
|---|---|
| **Sherice Sargent** | **Michelle Sheridan** |
| **S.S., a minor** | **I.C., on his own behalf** |
| Dated:_____ | Dated:_____ |
| **Joshua Meyer** | **Walter S. Zimolong, Esquire** |
| *Judah Meyer*<br>**J.M., a minor** | Dated:_____ |
| Dated:6/26/26 | |

**On Behalf of the School District of Philadelphia:**

Signed:_____

Name/Title:_____

Dated:_____

19. **Waiver, Modification, and Amendment**. No provision of this Agreement may be waived unless in writing and signed by the party or parties whose rights are thereby waived. Waiver of any one provision herein shall not be deemed to be a waiver of any other provision herein. This Agreement may be modified or amended only by written agreement executed by the Parties hereto.

20. **Authority to Settle and Release**. Claimant parents Sherice Sargent and Joshua Meyer represent and warrant that they possess the legal decision-making authority on behalf of their minor children necessary to enter into this Agreement. Claimants Michelle Sheridan and I.C. represent and warrant that I.C. is an adult and is capable of entering into this Agreement on his own behalf. Claimants hereby agree to wholly indemnify the Releasees should claims arise from any third party regarding the subject matter of this Agreement.

21. **Compliance with Governmental Regulations and Authorities**. Nothing in this Agreement will be construed as preventing the School District, its successors, assigns, heirs, executors, administrators, and legal representatives from complying with its duties under statute or common law, from acting in accordance with a subpoena or court order, or as waiving the rights of the School District under statute or common law.

22. **Effective Date**. The Effective Date of this Agreement shall be the date on which the last Party signs the Agreement. The date Claimants sign this Agreement is the date on which the last Claimant or Claimants' counsel signs this Agreement.

| | |
|---|---|
| _____ | _____ |
| **Sherice Sargent** | **Michelle Sheridan** |
| _____ | _____ |
| **S.S., a minor** | **I.C., on his own behalf** |
| Dated:_____ | Dated:_____ |
| _____ | _____ |
| **Joshua Meyer** | **Walter S. Zimolong, Esquire** |
| _____ | Dated:_____ |
| **J.M., a minor** | |
| Dated:_____ | |

**On Behalf of the School District of Philadelphia:**

Signed:_____

Name/Title:_ Lynn Rauch, General Counsel

Dated:_ June 30, 2026

-6-