IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHERICE SARGENT, et. al.        :        No. 22-cv-01509

           Plaintiffs      :

    v.           :

THE SCHOOL DISTRICT OF     :
PHILADELPHIA, et. al.        :

         Defendants     :

## RESPONSE TO RULE TO SHOW CAUSE

Pursuant to the Court's Order dated July 14, 2026 (ECF No. 116), plaintiff-petitioner Michelle Sheridan ("Sheridan") submits this response. For the reasons set forth below, no custodial protections are necessary because the net settlement proceeds compensate Ms. Sheridan's own monetary damages and do not represent any recovery obtained for, or belonging to, her minor son I.C.

### Background

This matter concerns changes that the School District of Philadelphia made in 2021 to the admissions process for its criteria-based high schools. The plaintiffs alleged that, but for the changes to the admissions process, their children would have been admitted to certain criteria-based schools. Specific to Ms. Sheridan, the plaintiffs alleged that her son would have been admitted to the Academy at Palumbo but for the School District's changes to the admissions process. Am. Compl., ¶¶ 68–72, ECF No. 31. The plaintiffs brought claims for equitable and monetary relief. *Id.*,

prayer for relief.  The plaintiffs sought to preliminary and permanent enjoin the School District from making changes to its admissions process for its criteria-based schools. The plaintiffs' next-of-friend claims were based solely on those equitable claims.

On June 3, 2022, the plaintiffs moved for a preliminary injunction, ECF No. 32, which the Court denied. ECF No. 52. Subsequently, the School District made further changes to the admissions process. Also, the plaintiffs' children enrolled in different schools and matriculated. To the extent their equitable claims were not already rendered moot, the plaintiffs no longer wished to seek equitable relief that would have permitted their children to attend certain criteria-based high schools. Only the plaintiffs' claims for monetary relief remain.[1]

### Argument

Under this Court's Local Rules, no claim of a minor shall be settled, compromised, or dismissed without Court approval. L.R. 41.2(a). Additionally, "no distribution of proceeds shall be made *out of any fund obtained* from a minor" unless approved by the Court. L.R. 41.2(b). Thus, the Court must approve the settlement, compromise, or dismissal of any claims involving a minor regardless of whether funds are being distributed from a fund obtained for a minor. If, however, funds are obtained for a minor and are to be distributed to the minor, the Court must separately approve that act. Here, Court approval of the settlement is necessary because, while

---

[1] In all events, any equitable relief was rendered moot when each of the minor plaintiffs graduated from high school, making it impossible for any of them to be admitted to a Philadelphia high school.

the minors' claims are moot, the Settlement Agreement still involves the settlement, compromise, or dismissal of those claims. L.R. 41.2(a). While L.R. 41.2(a) is implicated, L.R. 41.2(b) is not because no funds are being recovered on behalf of or distributed to any minor or formerly minor plaintiff, including Ms. Sheridan's son. Therefore, the custodial protections contemplated by the Court's Rule to Show Cause—such as placement of the funds in a restricted or guardianship account, or a structured settlement of the kind provided for under Pa. R.C.P. 2039— are not implicated because no funds have been obtained for him or are payable to him.

The net settlement proceeds are to compensate Ms. Sheridan alone, rather than I.C. Only Ms. Sheridan has remaining claims. The monetary settlement was reached to compromise Ms. Sheridan's claims and reimburse her for the damages she sustained. Mot., ¶ 16, ECF No. 114. Not only are Ms. Sheridan's son's equitable claims moot, but he sought no out-of-pocket damages in this case. *Id.*, ¶ 17. Indeed, I.C. suffered no monetary harm. *See* Declaration of I.C. at **Exhibit "A."**

If the matter proceeded to trial, Ms. Sheridan would have presented evidence that she incurred damages related to having to send her son to an alternative high school. Her claims were settled, in part, because of the complexity of proving those damages at trial and uncertainty of recovery. *Id.*, ¶ 6.

Therefore, the net settlement proceeds are appropriately allocated to Ms. Sheridan because the proceeds are designed to compensate her for the harm alleged. Because the settlement fund was not obtained for I.C., and no part of it is payable to him, payment of the entire net proceeds to Ms. Sheridan alone is appropriate, and no

custodial protections are required for those funds. The compromise of I.C.'s now-moot claims nonetheless warrants the Court's approval, L.R. 41.2(a), and the plaintiffs respectfully request that the Court approve the settlement and the distribution of the net proceeds to Ms. Sheridan.

Counsel for plaintiffs stand ready to answer any questions the Court may have regarding the proposed settlement agreement.

Respectfully submitted,

Dated: July 20, 2026

*/s/ Walter S. Zimolong, Esquire*
Walter S. Zimolong, Esquire
Zimolong, LLC
wally@zimolonglaw.com
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify the foregoing has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania.  I further certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

Date:  July 20, 2026                                            */s/ Walter S. Zimolong, Esquire*